ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 JAN -4  P 12: 39
CLERK_____
S. DIST. OF GA

| | |
|---|---|
| SAMMY L. KNOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 305-056 |
| ) | |
| RHETT WALKER, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Sammy L. Knox, a *pro se* litigant, commenced this civil action pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Defendant's motion to dismiss (doc. no. 42), which the Court has converted to a motion for summary judgment (see doc. no. 51). Plaintiff opposes the motion. (Doc. no. 53). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I. FACTS

In this lawsuit, Plaintiff alleges that Defendant violated his First Amendment right of access to the court. Specifically, Plaintiff asserts that Defendant did not serve him with a copy of the final order denying his state habeas corpus petition, which caused him to miss the deadline for appealing the denial of that order. (Doc. no. 29, p. 5; doc. no. 53, p. 2). Plaintiff states that well after the time for appealing the order had expired, he filed a motion

for final disposition of his case. (Doc. no. 53, p. 2). He claims that because he also mailed a copy of this motion directly to Defendant, Defendant was notified that Plaintiff was unaware that his state habeas petition had been denied. (Id.).

In his motion for summary judgment,[1] Defendant states that he arranged for the state habeas court to re-issue its final order, which gave Plaintiff an opportunity to file a timely appeal of that order. (Doc. no. 42). Defendant contends that Plaintiff was then restored to the position he was in prior to Defendant's alleged failure to serve Plaintiff with a copy of the order. Defendant attaches to his motion (1) the state habeas court's order vacating its prior order and resubmitting the order denying Plaintiff's state habeas petition, and (2) the state habeas court's re-issued order denying Plaintiff's state habeas petition. (Doc. no. 42, Exs. A & B). In the order denying Plaintiff's petition, the state habeas court directed Defendant to mail a copy of the order to Plaintiff. (Id. at Ex. B, p. 3).

As relief, Plaintiff seeks: (1) $300,000 in punitive damages, (2) $800.00 in compensatory damages for expenses incurred, (3) $100,000 in compensatory damages for personal humiliation and mental anguish, (4) $1.00 in nominal fees, (5) "attorney's fees and any other relief the Court finds to be proper and just," and (6) a declaratory judgment "holding that Defendant [] violate[d] Plaintiff's constitutional rights in failing to provide Plaintiff with a copy of the final disposition of his state habeas corpus action, and that he is liable for damages." (Doc. no. 29, p. 6).

---

[1] The Court notes that after Defendant's motion to dismiss was converted into a motion for summary judgment, Defendant did not submit any additional materials to support his motion, despite the fact that the Court invited him to do so. (Doc. no. 51, p. 5).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the

---

[2]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### III. DISCUSSION

The Court recognizes that the First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). However, to state a viable denial-of-access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement. Id. at 349-55. The

4

Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim:

> [A] plaintiff first must show actual injury before seeking relief. . . . This essential standing requirement means that [the defendant's] actions that allegedly violate[d] [a plaintiff's] right of access to the courts must have impeded the [plaintiff's] pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [the defendant].

Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citations omitted).

Here, although Plaintiff has provided evidence that he was denied the right to appeal a post-conviction claim, he has not demonstrated that such a claim was nonfrivolous. Attached to Defendant's motion for summary judgment was a copy of the order from the Superior Court of Dodge County, Georgia, dismissing Plaintiff's state habeas petition as successive. (Doc. no. 42, Ex. B). In that order, the Superior Court Judge noted that following his direct appeal from his convictions and sentences, Plaintiff filed his first state habeas petition, raising ten claims that challenged his convictions and sentences. (Id. at 2). That petition was subsequently denied, and after the Georgia Supreme Court granted a certificate of probable cause to appeal, it ordered that two of Plaintiff's life sentences be vacated. (Id.).

Plaintiff then filed a second state habeas corpus petition, raising six grounds for relief that he had raised in his first petition. (Id.). The Superior Court subsequently found that this petition was successive and dismissed it. (Id.). Seven years later, Petitioner filed a third state habeas corpus petition, which is the subject of the instant case. (Id.). In that petition, although Plaintiff argued that the claim he asserted had not been previously raised because

5

the earlier caselaw was contrary to his legal position, the Superior Court determined that Plaintiff's argument was meritless, and there was nothing that prevented him from raising that claim in his original state habeas petition. (Id. at 2-3). Moreover, despite Plaintiff's arguments to the contrary, the state habeas court determined that the case upon which Plaintiff relied, Dunagan v. State, 502 S.E.2d 726 (Ga. 1998), was not a change in the law. (Id. at 3). As such, the Superior Court found that Plaintiff's third state habeas petition was successive and barred from consideration. (Id.). Therefore, in the instant case, based on this information, Plaintiff's third state habeas petition was successive and did not present any non-frivolous claims challenging his sentence; thus, Plaintiff has failed to establish an actual injury needed to obtain relief on his denial-of-access-to-the-court claim.[3,4]

---

[3] The Court also notes that when given the chance to have his alleged injury remedied, Plaintiff failed to appeal the reissued order for his third state habeas petition. Following Plaintiff's initiation of this lawsuit, Defendant contacted the Superior Court of Dodge County and arranged for the Superior Court to vacate its previous judgment on the third state habeas petition and resubmit its denial of that petition. (Doc. no. 42, p. 1). As such, on June 13, 2006, the Superior Court vacated its previous judgment and resubmitted its order denying the third state habeas petition to allow Plaintiff to appeal that order. (Id. at Exs. A, B). The time for appealing that order has long since passed, and to the Court's knowledge, Plaintiff has failed to file the appropriate documents to appeal that order. Thus, even though Defendant's actions in this case placed Plaintiff in the position he would have been in had he been given notice of the original order denying his third state habeas petition, Plaintiff failed to take advantage of that opportunity and appeal that order.

[4] Although Defendant has asserted sovereign immunity for a claim against him in his official capacity, Plaintiff stated that he only sues Defendant in his individual capacity. (See doc. no. 53, p. 1); Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001) (noting that suits against state employees in their official capacity are entitled to sovereign immunity, and state employees sued in their individual capacities may be entitled to qualified immunity). Because Defendant failed to assert a qualified immunity defense in his motion for summary judgment, he is not entitled to qualified immunity, and the Court will not grant him summary judgment on that basis. See e.g., Ansley v. Heinrich, 925 F.2d 1339, 1347 (11th 1991) (noting that "qualified immunity is a question of law that may be asserted in three ways: (1) on a pretrial motion to dismiss . . .; (2) as an affirmative defense in the request for

## IV. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for summary judgment (doc. no. 42) be **GRANTED**.

SO REPORTED and RECOMMENDED this 4th day of January, 2007, at Augusta, Georgia.

```
                                    /s/ W. Leon Barfield
                                    W. LEON BARFIELD
                                    UNITED STATES MAGISTRATE JUDGE
```

---

judgment on the pleadings . . .; or (3) on a summary judgment motion . . . ."); Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002) (qualified immunity is an affirmative defense that must be raised in, *inter alia*, a motion for summary judgment, or it is deemed waived); Williams v. Life Sav. and Loan, 802 F.2d 1200, 1202 (10th Cir. 1986) (noting that a court should not *sua sponte* dismiss an action when it is possible that the defendant would waive the basis for dismissal by failing to raise an affirmative defense).